IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Howard W. Charpia, ) | |
| ) | Civil Action No. 2:12-3252-RMG-BHH |
| Plaintiff, ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Roger M. Young, individually and in his ) | |
| official capacity; the Ninth Judicial ) | |
| Circuit; Edgar W. Dickson, individually ) | |
| and in his official capacity; the First ) | |
| Judicial Circuit, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the defendants' partial motion to dismiss. [Doc. 4.] The plaintiff has pled various federal and state law claims.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible

claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

Liberally construed, the plaintiff's Complaint includes a claim pursuant to 42 U.S.C. § 1983 and two state law claims, for negligence and fraud upon the court. Concerning the tort law claims, the defendants contend that the State of South Carolina, in its Tort Claims Act, has not consented to suit in federal court. They are correct. *See* S.C. Code § 15-78-20(e). Only the Section 1983 claim is justiciable in this forum.

The defendants, however, have also rightly argued that no Section 1983 claim may lie against the defendants, Ninth and First Judicial Circuits, as arms of the state, or against Defendants Roger M. Young and Edgar W. Dickson, in their official capacities for money damages. *See Collins v. S.C. Dep't of Corr.*, 2007 WL 1381522 at *2 (D.S.C. May 4, 2007); *Davis v. Department of Social Services of Baltimore County*, 1991 WL 157258, at *4 (4th Cir. August 19, 199). The judicial circuits are also not "persons" subject to suit under Section 1983. *See Johnson v. Third Judicial Circuit of S.C.*, 2010 WL 2429715, at *1 (D.S.C. June 10, 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The plaintiff says very little which is responsive, but essentially does not disagree. In fact, he expressly argues that he means simply to sue Defendants Young and Dickson in their individual capacities and for injunctive relief. (Pl. Reply at 5, 6.) A state official is subject to suit, in his individual capacity, for money damages and, in his official capacity, for

2

prospective relief. *Id.* at 71 & n.10.   Such claims are not challenged by the defendants, at this time.  To be clear, defenses may exist, including but not limited to judicial immunity and certain abstention doctrines, which in certain instances may be raised *sua sponte*.  See *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th Cir.1997); *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976).  But, the Court, at this time, for some ambiguity in the pleading and brief exchange, would follow the defendants lead.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' partial motion to dismiss [Doc. 4] should be GRANTED.  Specifically, claims against the Defendants the Ninth Circuit and the First Judicial Circuit should be dismissed *with prejudice*.   State law tort claims against Defendants Roger Young and Edgard Dickson, in whatever capacity, should also be dismissed, though, *without prejudice*.  Any claim against those same defendants in their individual capacity for money damages pursuant to 42 U.S.C. § 1983  should be dismissed *with prejudice*.

                                        s/Bruce H. Hendricks
                                        United States Magistrate Judge

April 10, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).