IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Howard W. Charpia, ) | |
| ) | Civil Action No. 2:12-3252-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Roger M. Young, individually and in his ) | |
| official capacity; the Ninth Judicial Circuit; ) | |
| Edgar W. Dickson, individually and in his ) | |
| official capacity; and the First Judicial ) | |
| Circuit, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 22) recommending the Court grant Defendants' motion to dismiss as to all claims except for Plaintiff's claim for injunctive relief against Defendants Young and Dickson. For the reasons set forth below, the Court grants Defendants' motion. (Dkt. No. 4).

## Background

Plaintiff, proceeding pro se, initially filed this action in state court. (Dkt. No. 1-1). Defendants later removed the action to this Court and filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 1, 4). Pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was referred to a Magistrate Judge for all pretrial proceedings. Plaintiff filed a response in opposition to the motion. (Dkt. No. 11). The Magistrate Judge then issued an R&R recommending the Court grant the motion as to all claims except for Plaintiff's claims for injunctive relief. (Dkt. No. 22). Defendants then filed objections to the R&R. (Dkt. No. 24). Plaintiff did not file timely objections.

1

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage,

the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**Discussion**

Liberally construed, Plaintiff's complaint asserts a claim pursuant to 42 U.S.C. § 1983 and two state law claims for negligence and fraud upon the court. (Dkt. No. 1-1). Plaintiff appears to base his complaint on alleged erroneous proceedings and rulings made in the Dorchester County Court of Common Pleas and asks this Court to void or vacate those state-court rulings.

The Magistrate Judge recommends, and the Court agrees, that Plaintiff's state law claims should be dismissed because the State of South Carolina has not consented to suit in federal court under the South Carolina Tort Claims Act. *See* S.C. Code § 15-78-20(e). The Court also agrees with the Magistrate Judge that Plaintiff's § 1983 claim against the Ninth and First Judicial Circuits must be dismissed because these defendants are not "persons" subject to suit under that statute. *See Johnson v. Third Judicial Circuit of S.C.*, C/A No. 4:10-887-JFA-TER, 2010 WL 2429715, at *1 (D.S.C. June 10, 2010). Further, the Court agrees that Defendants Young and

Dickson are immune from suit for money damages under the doctrine of judicial immunity. *See Wise v. United States*, 6:09-cv-1376-HFF-WMC, 2009 WL 3052608, at *3 (D.S.C. Sept. 23, 2009).

Further, the Court finds that Plaintiff's claim for injunctive relief should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Through enactment of § 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), Congress amended § 1983 to bar injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege either of these prerequisites, and his claim for injunctive relief is therefore properly dismissed. *See Wise*, 2009 WL 3052608, at *3. Moreover, the Court finds that Plaintiff's request that this Court "void or vacate" state court orders or judgments is barred by the *Rooker Feldman* doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

## Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss. (Dkt. No. 4). Accordingly, the Court dismisses Plaintiff's state law claims *without prejudice* and dismisses Plaintiff's § 1983 claims *with prejudice*.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 7, 2013
Charleston, South Carolina

4